UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| AMANDA JONES,<br><br>                    Plaintiff,<br><br>v.<br><br>DAN KLEINMAN,<br><br>                    Defendant. | Civil Action No. 3:24-CV-00972-BAJ-SDJ<br><br>**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR TRANSFER VENUE** |

Defendant Dan Kleinman ("Defendant") moves the Court to dismiss or transfer this case to the United States District Court for the District of New Jersey pursuant to Federal Rule of Civil Procedure 12(b)(3), 28 U.S.C. § 1404(a), and under the first-filed rule.

**1.0   BACKGROUND**

On November 26, 2024, Plaintiff Amanda Jones ("Plaintiff") filed two identical Complaints against Defendant, one in the United States District Court for the District of New Jersey ("New Jersey") and one in the United States District Court for the Middle District of Louisiana ("Louisiana"). *See* Complaint, Case No. 2:24-cv-10750, U.S. District Court for the District of New Jersey, attached hereto as **Exhibit 1**. Plaintiff Jones filed the New Jersey Complaint first, at 2:02 am Central Time on November 26, 2024. *See* Declaration of Kylie R. Werk ("Werk Decl.") at ¶ 5. She subsequently filed the Complaint in this Court about seven hours later, at 8:58 am Central Time on November 26, 2024. *See id.* at ¶ 6.

**2.0   ARGUMENT & AUTHORITIES**

"When venue is improper, the court can either dismiss, or, if in the interest of justice, transfer the case to a district of proper venue." *Hodges v. Deltic Farm & Timber Co.*, 1991 U.S. Dist. LEXIS 3708, at *6 (E.D. La. March 28, 1991). Venue is improper in the Middle District of

Louisiana because the case was originally filed in the District of New Jersey before being filed in the Middle District of Louisiana. The Court should dismiss this action or, in the alternative, transfer it to the District of New Jersey.

### 2.1 Dismissal under FRCP 12(b)(3)

A Rule 12(b)(3) motion allows a party to challenge a plaintiff's choice of venue. Fed. R. Civ. P. 12(b)(3). To defeat such a motion, the plaintiff must "make only a prima facie showing of proper venue." *Aggarao v. MOL Ship Mgmt. Co., Ltd.*, 675 F.3d 355, 366 (4th Cir. 2012). "In assessing whether there has been a prima facie venue showing," the court construes "the facts in the light most favorable to the plaintiff." *Id*. Indeed, "all inferences must be drawn in favor of the plaintiff, and the facts must be viewed as the plaintiff most strongly can plead them." *Jones v. Koons Automotive, Inc.*, 752 F. Supp. 2d 670, 680 (D. Md. 2010) (cleaned up). In its assessment, the court may look to evidence outside the complaint. *Aggarao*, 675 F.3d at 365-66.

Here, the Court does not need to look very far at evidence outside the complaint—it need only look at Case No. 2:24-cv-10750, U.S. District Court for the District of New Jersey. That is a case filed in the District of New Jersey by the same plaintiff against the same defendant with all the same facts. A plaintiff's choice of venue is entitled to deference. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). The Plaintiff chose New Jersey. The Plaintiff then also chose here. This is unusual, but the solution is simple: The Plaintiff chose New Jersey, so we should defer and dismiss *this* action. The dispute can be resolved in New Jersey, a venue where the Plaintiff is clearly comfortable and has already filed suit.

### 2.2 Venue Transfer Under § 1404(a)

Under 28 U.S.C. § 1404(a), even if venue is proper in a forum, a district court may transfer any civil case "[f]or the convenience of the parties and witnesses, in the interest of justice . . . to

any other district or division where it might have [originally] been brought."

Whether the suit "might have been brought" in the proposed transferee district is the first question. *In re Volkswagen of Am., Inc.*, 545 F.3d at 312. Once the defendant satisfies that burden, the Court weighs certain public-interest and private-interest factors to determine if transfer is "for the convenience of parties and witnesses and in the interest of justice." *Id*. at 315.

Here, we have an unusually easy analysis. Not only can this court determine that the case *might* have been brought in the District of New Jersey—it *was brought there* and it remains active there. Not only that, but Defendant was personally served while in New Jersey. *See* Executed Summons, Case No. 2:24-cv-10750, U.S. District Court for the District of New Jersey, attached hereto as **Exhibit 2**; ECF No. 4. If this case is not dismissed, it can be transferred to the District of New Jersey, where it will be duplicative of Case No. 2:24-cv-10750 there. It will presumably be consolidated with that case, and the parties can proceed with their dispute on the merits.

**2.3    The First-to-File Rule Compels Transfer and Consolidation**

Under the first-to-file rule, a court should transfer an action if another federal court is hearing a case that was filed first and if "issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice*, 174 F.3d 599, 603 (5th Cir. 1999). To determine if substantial overlap exists, the Fifth Circuit examines "whether the core issue was the same or if much of the proof adduced would likely be identical." *Int'l Fid. Ins. Co. v. Sweet Little Mex. Corp.*, 665 F.3d 671, 678 (5th Cir. 2011) (internal quotation marks, footnote, and ellipses omitted). The rule does not require that the cases be identical, just that they substantially overlap. *See id*. Here, the cases are identical. The parties are the same. The statement of facts, the claims, and the prayer for relief are the same. The complaints filed in New Jersey and in this Court are word-for-word identical and, accordingly, overlap.

While "compelling circumstances," such as "bad faith, anticipatory suit, and forum shopping," may block the first-to-file rule, none are present here. *United States ex rel. Nottingham Constr. Co. v. Fluor Enters.*, 2007 U.S. Dist. LEXIS 105851, at *8 (M.D. La. June 26, 2007). These issues only appear when there are competing lawsuits filed by different parties—usually the second-filed action is filed by the Defendant in the first-filed action. Here, unusually, both actions were filed by the same Plaintiff. Thus, these circumstances are absent.

In order to un-multiply the proceedings, Defendant asks this Court to transfer this second-filed case to New Jersey. "The Fifth Circuit has long advocated that district courts exercise their discretion to avoid duplication of proceedings where related claims are being litigated in different districts." *Waguespack v. Medtronic, Inc.*, 185 F.Supp.3d 916, 922 (M.D. La. 2016) (internal quotation marks omitted). The first-to-file rule dictates transfer of this subsequently filed action to the court where it was filed first, the United States District Court for the District of New Jersey.

## 3.0   CONCLUSION

Accordingly, for the reasons set forth herein, Defendant Dan Kleinman respectfully requests that this Court dismiss this action or, in the alternative, transfer this action to the venue of the District of New Jersey.

Dated: January 21, 2025.                              Respectfully Submitted,

/s/ Heather Cross
Heather Cross (La. Bar No. 26249)
The Cross Law Firm
6663 Jefferson Hwy
Baton Rouge, LA 70806
Tel: (225) 256-0366
Email: hcross@lawacrossla.com

*Attorneys for Defendants.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2025, the foregoing document was served on all parties or their counsel of record through the CM/ECF system.

/s/ Heather Cross
Heather Cross
