UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

AMANDA JONES, *plaintiff,*　　　　　　　　　　　Case No. 3:24-cv-972-BAJ-SDJ

vs.

DAN KLEINMAN, *defendant.*

**OPPOSITION TO MOTION TO DISMISS OR TRANSFER VENUE**

Plaintiff Amanda Jones, through undersigned counsel, respectfully opposes Defendant Dan Kleinman's "Motion to Dismiss or Transfer Venue" [6] and states as follows:

**INTRODUCTION**

Kleinman asks this Court to dismiss this action under Rule 12(b)(3), for improper venue, "because the case was originally filed in the District of New Jersey before being filed in the Middle District of Louisiana." [6-1 at 2]  He relies for his argument solely on the first-to-file rule, but that rule is discretionary and does not apply here.  Jones filed her complaints in this Court and in the District of New Jersey simultaneously.  She specifically asserted that *this Court* has personal jurisdiction and that she filed in the District of New Jersey out of abundance of caution only, to preserve all rights.  Now that Kleinman, by filing the instant motion, has waived objections to this Court's personal jurisdiction, Jones can dismiss her New Jersey complaint.  There is no risk of duplicative efforts.  The concerns underlying the first-to-file rule are not present.

In the alternative, Kleinman asks this Court to transfer this action to the District of New Jersey under 28 U.S.C. § 1404(a)—but he fails entirely to address the factors a court considers when deciding whether to transfer an action to another court.  Those factors do not support transfer. They require that this case be decided in Louisiana.

Kleinman himself observes: "A plaintiff's choice of venue is entitled to deference." [6-1 at 2 (citing *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008)]. Here, Jones specifically chose *this Court* and said so in her New Jersey complaint. There now being no impediment to this Court's personal jurisdiction over Kleinman, Jones's choice can and should be honored.

**ARGUMENT**

**1. The first-to-file rule does not apply here.**

The parties do not dispute the first-to-file rule's basic premise: "'when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap.'" *LifeNet, Inc. v. United States Dep't of Health & Hum. Servs.*, 617 F. Supp. 3d 547, 555 (E.D. Tex. 2022) (quoting *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999)).

There is no dispute that Jones filed her complaint in this Court and in the District of New Jersey on the same day: November 26, 2024. The complaints themselves state that they are being filed simultaneously. [1 at ¶6; 6-2 at ¶6]

Kleinman's motion relies for its argument on its representation that Jones technically filed her complaint in the District of New Jersey first. It is true that the New Jersey complaint bears an earlier time-stamp, 3:02 AM EST, but the time stamps do not tell the whole story. Jones attempted to file the Louisiana complaint first (she opened this civil case on November 25, 2024), but this Court's CM/ECF system did not accept the PDF. Counsel had to wait for this Court's clerk's office to open to request remote assistance.[1] With assistance, this Court's CM/ECF system finally

---

[1] Exhibit A, email dated November 26, 2024 evidencing remote assistance.

accepted the PDF at 8:59 AM CST. These facts are distinguishable from the typical first-to-file situation.

Even if the time stamps were conclusive, the first-to-file rule is not automatic. It is discretionary only. *E.g.*, *Harris Cnty., Tex. v. CarMax Auto Superstores Inc.*, 177 F.3d 306, 319 (5th Cir. 1999) ("such dismissal is committed to the district court's discretion"). "Even when there is substantial overlap . . . the second-filed court may nonetheless decline to apply the first-to-file rule based on 'compelling circumstances.'" *LifeNet, Inc.*, 617 F. Supp. 3d at 556 (quoting *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971)). "Exceptions [to the first-to-file rule] . . . 'are not rare, and are made when justice or expediency requires.'" *Id.* at 557 (quoting *SIPCO, LLC v. Emerson Elec. Co.*, 2016 WL 7743496, at *4 (E.D. Tex. July 1, 2016) (quoting *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993), abrogated on other grounds by *Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 (1995)).

Circumstances do not justify this Court's applying the first-to-file rule here. The rule's purpose is "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Cadence Bank v. GlobalVision Systems, Inc.*, 700 F.Supp.3d 461 (N.D. Miss. 2023) (citation omitted). Those concerns are not present here.

Jones has no desire to duplicate efforts. Jones's New Jersey complaint expressly states that its simultaneous filing was "out of an abundance of caution only." [6-2 at ¶6]. Kleinman has successfully challenged at least one federal court's personal jurisdiction over him in a defamation case, *see Bittman v. Fox*, No. 14-C-08191, 2015 WL 5612061 (N.D. Ill. Sept. 23, 2015), and Jones anticipated that he would challenge this Court's personal jurisdiction over him here. Jones's New Jersey complaint specifically asserts that "Kleinman's activities subject him to the jurisdiction of

*Louisiana* courts" [6-2 at ¶6 (emphasis added)] and that "*[t]he U.S. District Court for the Middle District of Louisiana* has personal jurisdiction over Kleinman" [6-2 at ¶12 (emphasis added)]. Nevertheless, leaving open the possibility that this Court might determine that it did not have personal jurisdiction over Kleinman, Jones's New Jersey complaint was necessary "to preserve all rights" [6-2 at ¶19]. From the New Jersey complaint:

> 12. The U.S. District Court for the Middle District of Louisiana has personal jurisdiction over Kleinman because, as shown in this complaint, his purposeful contacts with the state of Louisiana give rise to Jones's claims. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021). Among other things:
>
> 13. He specifically directs his posts about Jones to a Louisiana audience, including Louisiana's elected officials, who he tags.
>
> 14. He has appeared on Louisiana talk radio to talk about Jones.
>
> 15. He has traveled to Louisiana to speak about Jones at a ticketed event in Baton Rouge, where he was the featured guest.
>
> 16. He purports to have attended the annual Louisiana Library Association meeting for the purpose of encountering Jones.
>
> 17. He contacted Live Oak Middle School, Jones's employer, at least twice. He made requests pursuant to the Louisiana Public Records Act for, among other things, records of Jones's job performance.
>
> 18. He has implored the Louisiana Department of Education to revoke Jones's teaching certificate and Livingston Parish parents to challenge it.
>
> 19. These purposeful contacts with the state of Louisiana notwithstanding, out of an abundance of caution, to preserve all rights, in addition to filing this lawsuit in the U.S. District Court for the Middle District of Louisiana, Jones also files it in the U.S. District Court for New Jersey.

Jones's intention thus was clear. Her simultaneous filing was not "a forum-shopping maneuver." *E.g. Waguespack v. Medtronic, Inc.*, 185 F. Supp. 3d 916, 923 (M.D. La. 2016).

In addition to the foregoing statements in the New Jersey complaint, Jones's counsel separately advised Kleinman's counsel that Jones filed the New Jersey complaint "as a protective

measure" and invited some "agreement on personal jurisdiction."² Kleinman filed the instant motion instead.

By filing the instant motion, however, Kleinman nevertheless has resolved the question of this Court's personal jurisdiction over him. The instant motion invokes Rule 12(b)(3), the defense of improper venue, but it does not invoke Rule 12(b)(2), the defense of lack of personal jurisdiction. By failing to assert the defense of lack of personal jurisdiction in the instant motion, Kleinman has waived it.³ If ever there was any question whether this Court has personal jurisdiction over Kleinman, there is no question now. The New Jersey complaint is no longer necessary and, upon the resolution of the instant motion in Jones's favor, can be dismissed. All claims can be resolved by this Court. There is no risk of duplication, inconsistent rulings, or piecemeal litigation. Justice and expediency do not support application of the first-to-file rule.

### 2. The analysis required by § 1404(a) does not support transfer.

Justice and expediency require that this case proceed in Louisiana.

---

² Exhibit B, email dated December 17, 2024.

³"A party waives any defense listed in Rule 12(b)(2)-(5) by: (A) omitting it from a motion in the circumstances described in Rule 12(g)(2)." Fed. R. Civ. Pro. 12(h)(1). *See also Cruson v. Jackson Nat'l Life Ins. Co.*, 954 F.3d 240, 249 (5th Cir. 2020) ("Federal Rule of Civil Procedure 12(h)(1) relevantly provides that a party waives the defense of lack of personal jurisdiction by 'omitting it from a motion in the circumstances described in Rule 12(g)(2).' Fed. R. Civ. P. 12(h)(1)(A). Rule 12(g)(2) prohibits a party from a raising a defense 'that was available to the party but omitted from its earlier [Rule 12] motion.' Fed. R. Civ. P. 12(g)(2). Thus, lack of personal jurisdiction is waived if a party omits the defense from a Rule 12 motion and the defense was 'available.'"); *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1106 (9th Cir. 2000) ("A fundamental tenet of the Federal Rules of Civil Procedure is that certain defenses under Fed. R. Civ. P. 12 must be raised at the first available opportunity or, if they are not, they are forever waived."); *Casares v. Agri-Placements Int'l, Inc.*, 12 F. Supp. 3d 956, 966 (S.D. Tex. 2014) ("Under Federal Rule of Civil Procedure 12(b), a party may assert seven enumerated defenses by motion, including lack of personal jurisdiction under Rule 12(b)(2). These defenses may be joined together in a single motion, Fed. R. Civ. P. 12(g)(1), and "[a] motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Indeed, with certain exceptions not applicable here, once a party files a Rule 12 motion, it "[can]not make another motion under [Rule 12] raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). A party waives a defense under Rule 12(b)(2)–(5) by omitting it from a Rule 12 motion or neglecting to include it in a responsive pleading."); *Orthoflex, Inc. v. ThermoTek, Inc.*, No. 3:10-CV-2618-D, 2013 WL 2284878, at *1 (N.D. Tex. May 23, 2013) ("A party waives its personal jurisdiction defense by omitting it from a previously-filed motion to dismiss if the personal jurisdiction defense was available when the initial motion was made.").

There is no dispute that this action "might have been brought" in New Jersey. [6-1 at 3 (citing *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008)]. But that fact is the beginning, not the end, of the analysis required by § 1404(a). The analysis required by § 1404(a) considers both private interest and public interest factors: "The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (cleaned up; citation omitted).

Kleinman does not address any of these factors. None support transfer to New Jersey.

*Relative ease of access to sources of proof:* This is a defamation case, and Kleinman made all of the defamatory statements online. No one has to travel to New Jersey to prove the statements were made. The statements are about Jones, an elementary school librarian in Louisiana. To the extent Kleinman asserts truth as a defense or contests the extent of Jones's injury, the sources of proof are in Louisiana.

*Availability of compulsory process to secure the attendance of witnesses:* Likely witnesses include persons who know Jones or know Jones's reputation and persons to whom Kleinman's statements were targeted. These persons are in Louisiana. (As alleged, Kleinman specifically directed his statements to a Louisiana audience. [1 at ¶¶ 3, 13-18, 84; 6-2 at ¶¶ 3, 13-18, 84])

Because the District of New Jersey is more than 100 miles from where these persons reside, it cannot compel these persons to testify at trial. *See* Fed. R. Civ. P. 45 (c)(1)(A), (d)(3)(A)(ii).

*Cost of attendance for willing witnesses:* "[I]t is an 'obvious conclusion' that it is more convenient for witnesses to testify at home and that '[a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.'" *In re Volkswagen of Am., Inc.*, 545 F.3d at 317 (citation omitted). "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Id.* (citation omitted). It follows that the cost of attendance for willing witnesses to travel to New Jersey is excessive.

*All other practical problems that make trial of a case easy, expeditious and inexpensive:* Everyone and everything relevant to this case is in Louisiana, save Kleinman, but Kleinman has now waived any objection to this Court's personal jurisdiction over him. Litigation in Louisiana necessarily will be easier, more expeditious, and less expensive than in New Jersey.

*Administrative difficulties flowing from court congestion:* Jones is unaware of any congestion in this Court that would present administrative difficulties.

*Local interest in having localized interests decided at home:* Jones is a public-school educator in Louisiana, and Kleinman specifically directed his statements to a Louisiana audience. [1 at ¶¶ 3, 13-18, 84; 6-2 at ¶¶ 3, 13-18, 84] Louisiana has an interest in this case being decided at home. *See, e.g.*, *Def. Distributed v. Bruck*, 30 F.4th 414, 435 (5th Cir. 2022) ("Important considerations include the location of the injury, witnesses, and the Plaintiff's residence.").

*Familiarity of the forum with the law that will govern the case:*  Jones's claims arise under Louisiana law therefore this Court is more familiar with the law that will govern the case.

*Avoidance of unnecessary problems of conflict of laws or in the application of foreign law:* Jones is unaware of any unnecessary problems of conflict of laws in this case.  This case does not require the application of foreign law.

In short, the question is not close.  The analysis required by § 1404(a) does not support transfer to New Jersey.   It requires that this case proceed here, in Louisiana.

## CONCLUSION

Kleinman has not stated a basis for dismissal or transfer, and in failing to do so further submitted to the personal jurisdiction of this Court.  Jones respectfully asks the Court to deny Kleinman's motion, following which this case may proceed and Jones may dismiss her New Jersey complaint.

Respectfully submitted,

*/s/ Alysson Mills*
_____

Alysson Mills
650 Poydras Street, Suite 1525
New Orleans, Louisiana 70130
t/f: 504-586-5253
alysson@alyssonmills.com

Kaja Elmer
Fishman Haygood LLP
201 St. Charles Avenue, Suite 4600
New Orleans, Louisiana 70170
t: 504-586-5252
kelmer@fishmanhaygood.com

*for Amanda Jones*

CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of filing to all counsel of record.

January 23, 2025                    */s/ Alysson Mills*