UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **AMANDA JONES** | **CIVIL ACTION** |
| **VERSUS** | |
| **DAN KLEINMAN** | **NO. 24-00972-BAJ-SDJ** |

## RULING AND ORDER

Before the Court is Defendant's **Motion To Dismiss Or Transfer Venue (Doc. 6, the "Motion")**. Plaintiff opposes the Motion. (Doc. 9). Defendant filed a Reply. (Doc. 12).

For the following reasons, the Court determines that, in the interest of justice, Defendant's Motion will be **GRANTED**, and this matter shall be transferred to the United States District Court for the District of New Jersey.

I.  BACKGROUND

Plaintiff filed suit against Defendant alleging defamation and false light claims. (Doc. 1 ¶¶ 73–102). Plaintiff is an elementary school librarian in Louisiana and author of a "National Bestseller" book advocating against banning books in libraries. (Doc. 9 at 6; Doc. 12 at 7). She also serves as the "central character" of a documentary about librarians fighting books bans. (Doc. 12-2). Plaintiff asserts that Defendant, a self-described "library watchdog" residing in New Jersey, runs a blog called "SafeLibraries" where he "reports purported librarian-related expos[é]s." (Doc. 1 ¶¶ 1–2).

Plaintiff alleges that, for the past two years, Defendant has targeted Plaintiff, sometimes posting about her several times a day. (*Id.* ¶ 2). Plaintiff asserts that Defendant has falsely represented that she "sexualizes" children, is a "child groomer," and a "domestic terrorist." (*Id.*). Plaintiff contends that these statements are false and harmful, cast Plaintiff as a "deviant" and a danger to children, and expose her to misplaced contempt and ridicule. (*Id.* ¶ 4). Plaintiff argues that Defendant specifically directs his posts about Plaintiff to a Louisiana audience, including Louisiana's elected officials. (*Id.* ¶ 3). Plaintiff seeks compensatory damages. (*Id.* ¶ 104).

On November 26, 2024, Plaintiff filed two identical Complaints against Defendant—one in the United States District Court for the District of New Jersey ("New Jersey Complaint") and the other in the United States District Court for the Middle District of Louisiana ("Louisiana Complaint"). (*See* Doc. 1; Doc. 6-2). In both Complaints, Plaintiff specified that "[Defendant]'s activities subject him to the jurisdiction of Louisiana courts. Nevertheless, out of an abundance of caution, [Plaintiff] simultaneously files this lawsuit in the U.S. District Courts for the Middle District of Louisiana and New Jersey." (Doc. 1 ¶ 6; Doc. 6-2 ¶ 6). Plaintiff later specified that she filed in both New Jersey and Louisiana because in another case in Illinois approximately ten years ago, Defendant successfully challenged personal jurisdiction, and Plaintiff anticipated that Defendant would do the same here. (Doc. 9 at 3).

Plaintiff filed her New Jersey Complaint at approximately 2:02 a.m. Central

2

Standard Time ("CST"), and she filed her Louisiana Complaint at approximately 8:58 a.m. CST (*Id.* at 2–3; Doc. 6-1 at 1). Plaintiff acknowledges that the New Jersey Complaint bears an earlier time stamp but contends that she attempted to file the Louisiana Complaint first. (*Id.* at 2). Plaintiff asserts that the Court's CM/ECF system did not accept her filing, which necessitated Plaintiff's counsel to wait until the Court's Office of the Clerk opened to provide assistance. (*Id.* at 2). While Plaintiff's counsel waited for assistance in filing the Louisiana Complaint, she filed the New Jersey Complaint. (*Id.* at 2–3). Plaintiff eventually successfully filed the Louisiana Complaint several hours later. (*Id.*; Doc. 6-1 at 1).

On January 23, 2025, Plaintiff filed a Motion to Stay in the United States District Court for the District of New Jersey ("New Jersey Court") arguing that the New Jersey Court should stay the New Jersey case while this Court resolves Defendant's Motion. (*See* Docket 24-10750-BRM-JSA at Doc. 11-1). The New Jersey Court denied Plaintiff's Motion to Stay and set a briefing schedule regarding a potential Federal Rule of Civil Procedure ("Rule") 41(a)(2) dismissal in the event that the parties did not agree to a voluntary stipulation of dismissal under Rule 41(a)(1)(A)(ii). (*See* Docket 24-10750-BRM-JSA at Doc. 38). The parties, having failed to agree to a Rule 41(a)(1)(A)(ii) dismissal, fully briefed the New Jersey Court on Plaintiff's Motion to Dismiss under Rule 41(a)(2). (*See* Docket 24-10750-BRM-JSA at Doc. 36; Doc. 39; Doc. 40). The New Jersey Court has not yet resolved Plaintiff's Rule 41(a)(2) Motion.[1] (*See generally* Docket 24-10750-BRM-JSA).

---

[1] Plaintiff's Motion to Dismiss under Rule 41(a)(2) is fully briefed as of April 8, 2025. (*See* Docket 24 - 10750 - BRM - JSA at Doc. 36; Doc. 39; Doc. 40).

3

## II.  LEGAL STANDARD

Successful motions to change venue must first show that the action "might have been brought" in the would-be venue. 28 U.S.C. § 1404(a). A civil action "may be brought in ... a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1).

"The federal courts long have recognized that the principle of comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs." *W. Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24, S. Atl. & Gulf Coast Dist. of the ILA; AFL-CIO, etc.*, 751 F.2d 721, 728 (5th Cir. 1985). "As between federal district courts ... the general principle is to avoid duplicative litigation." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 807 (1976) (dictum).

"Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). "The rule does not require the cases to be identical. Instead, the critical inquiry is one of substantial overlap." *Int'l Fid. Ins. Co. v. Sweet Little Mex. Corp.*, 665 F.3d 671, 678 (5th Cir. 2011) (quoting *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997)) (quotations omitted). "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *W. Gulf Mar. Ass'n*, 751 F.2d at 729. "The first-to-file rule is a discretionary doctrine, ... the application

4

of which [the United States Court of Appeals for the Fifth Circuit] normally review[s] for abuse of that discretion." *Cadle*, 174 F.3d at 603.

"Once the likelihood of substantial overlap between the two suits ha[s] been demonstrated, it [is] no longer up to the [second filed court] to resolve the question of whether both should be allowed to proceed." *Id.* at 605–06 (quoting *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971)). "In the absence of compelling circumstances the court initially seized of a controversy should be the one to decide whether it will try the case." *Mann*, 439 F.2d at 407. The prototypical example of "compelling circumstances" in this context occurs where a would-be defendant rushes to court to obtain a declaratory judgment or institute an injunctive suit, particularly where forum-shopping may be at play. *See Pontchartrain Partners, L.L.C. v. Tierra De Los Lagos, L.L.C.*, 48 F.4th 603, 606 (5th Cir. 2022) (finding that "compelling circumstances" existed where a would-be defendant's "'race to the courthouse' … attempted to preempt the proper plaintiff's forum choice."); *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 n.3 (5th Cir. 1983) (same); *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 155 (1967) ("A court may even in its discretion dismiss a declaratory judgment or injunctive suit if the same issue is pending in litigation elsewhere.") (overruled in part on other grounds).

"[T]he 'first to file rule' not only determines which court may decide the merits of substantially similar cases, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated." *See Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 920 (5th Cir. 1997) (holding that

the second-filed court must transfer the case to the first-filed court for the first-filed court's determination regarding the procedural posture of the case in the second-filed court.).

## III.   DISCUSSION

It is undisputed that this case "might have been brought" in the New Jersey Court—Plaintiff in fact did file suit there. (Doc. 6-1 at 2; Doc. 9 at 1). Nor is it disputed that the cases "substantially overlap"—the Complaints are word-for-word identical. (*See* Doc. 1; Doc. 6-2). The parties also do not dispute that a strict application of the first-to-file rule favors venue in the New Jersey Court. (Doc. 6-1 at 3–4; Doc. 9 at 2 – 3).

Plaintiff, however, argues that "compelling circumstances" justify an exception to the first-to-file rule. (Doc. 9 at 2–5). She contends that her double-filing did not subvert the rule's purpose "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." (*Id.* at 3). Plaintiff asserts that she "has no desire to duplicate efforts" and filed in New Jersey "out of an abundance of caution only." (*Id.*). Plaintiff acknowledges that her concern regarding Defendant's potential challenge to personal jurisdiction in Louisiana never came to fruition. Defendant, by filing this Motion without raising the issue of personal jurisdiction, waived any such future argument.[2] (*Id.* at 5). Plaintiff specifies that since the New Jersey complaint

---

[2] "A party waives any defense listed in Rule 12(b)(2)–(5) by: (A) omitting it from a motion in the circumstances described in Rule 12(g)(2)." Fed. R. Civ. Pro. 12(h)(1). "Rule 12(g)(2) prohibits a party from raising a defense 'that was available to the party but omitted from its

"is no longer necessary" and "can be dismissed," there is no longer any risk of duplication, inconsistent rulings, or piecemeal litigation. (*Id.*).

While Plaintiff's circumstances may be compelling in the context of her own litigation strategy, they do not meet that definition as defined by the Fifth Circuit. Notably, Plaintiff's situation does not align with the quintessential situation in which compelling circumstances are manifest: Plaintiff, rather than a would-be defendant, rushed to file a complaint for damages, rather than seek declaratory judgment or injunctive relief. Rather than protect herself from forum-shopping on the part of a defendant attempting to "preempt the proper plaintiff's forum choice," *Puritan Fashions Corp.*, 706 F.2d at 602, Plaintiff chose to file in two jurisdictions to protect herself against the results of traditional motion practice. Plaintiff additionally filed in her less preferred jurisdiction, despite having opportunity to ensure that her Louisiana Complaint had been first properly filed.

Further, despite Plaintiff's contention to the contrary, it is not evident that the concurrent cases would be free of duplication, inconsistent rulings, or piecemeal litigation. The New Jersey Court has not stayed the New Jersey case, nor has it dismissed the case despite the fact that Plaintiff believes that the New Jersey complaint "is no longer necessary" and "can be dismissed." In denying Plaintiff's request to stay the New Jersey case, the New Jersey Court observed that "[t]o the extent the plaintiff is inconvenienced by having to potentially proceed with two cases

---

earlier [Rule 12] motion.' Fed. R. Civ. Pro. 12(g)(2). Thus, lack of personal jurisdiction is waived if a party omits the defense from a Rule 12 motion and the defense was 'available.'" *Cruson v. Jackson Nat'l Life Ins. Co.*, 954 F.3d 240, 249 (5th Cir. 2020).

7

at least temporarily, that is a consequence of her own making, having filed the same complaint in two different courts." (*See* Docket 24-10750-BRM-JSA at Doc. 38). The Court agrees with this assessment. As required by Fifth Circuit precedent, the Court will allow the New Jersey Court to "decide whether the second suit filed must be dismissed, stayed or transferred and consolidated."[3] *Sutter Corp.*, 125 F.3d at 920.

Accordingly, Defendant's **Motion (Doc. 6)** will be **GRANTED**, and this matter will be transferred to the District of New Jersey.[4]

---

[3] The Court emphasizes that it transfers this case to the District of New Jersey solely because the first-to-file rule requires this result. A cursory review of the venue transfer factors under 28 U.S.C. § 1404(a) suggests proper venue in this Court. Plaintiff experienced the impact of the alleged harm in Louisiana, much of the evidence and witnesses are in Louisiana, and Plaintiff asserts claims under Louisiana state law.

[4] Plaintiff, arguing that the "first-to-file rule" does not apply, urges the Court to consider Defendant's venue transfer request via the analysis required under 28 U.S.C. § 1404(a). (Doc. 9 at 5 – 8). This entails considering non-exhaustive lists of both private and public interest factors to determine whether convenience and the interests of justice favor transfer. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008). Defendant contends that by filing in New Jersey, Plaintiff has waived any § 1404(a) arguments in favor of transfer out of its chosen forum and cites dictum from the Supreme Court of the United States. (Doc. 12 at 6); *See Olberding v. Ill. Cent. R. Co.*, 346 U.S. 338, 340 ("The plaintiff, by brining suit in a district other than that authorized by the statute, relinquished his right to object to the venue."). On one occasion, the Fifth Circuit favorably cited the *Olberding* dictum in denying a plaintiff's venue transfer request under 28 U.S.C. § 1406. *See Smilde v. Snow*, 73 F. App'x 24, 26 (5th Cir. 2003) (holding that plaintiff's motion for a change of venue was "without merit" because "[b]y filing suit in the Western District of Texas, [plaintiff] voluntarily submitted himself to the jurisdiction of that court and consented to that venue.").
  The Court need not address the parties' § 1404(a) arguments because the "first-to-file rule" dictates transfer. Additionally, the case cited by Defendant does not appear applicable. First, as described below, and in contrast to the *Olberding* plaintiff, Plaintiff filed suit in a district authorized by the venue statutes. In any event, the *Olberding* citation constitutes dictum. Second, *Smilde* itself notes that the case, which addresses § 1406 and not § 1404(a), does not constitute precedent under Fifth Circuit Rule 47.5.4. *See Smilde*, 73 F. App'x at 26 n.1.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's **Motion (Doc. 6)** be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that this matter be and is hereby transferred to the United States District Court for the District of New Jersey.

Baton Rouge, Louisiana, this 5th day of September, 2025

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**